**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

**MARY VALLE, et al.,**

    **Plaintiffs,**

    **v.**

**Hon. JANET NAPOLITANO, head of the Department of Homeland Security,**

    **Defendant.**

**Civil No. 10-1824 (GAG)**

## OPINION AND ORDER

Plaintiffs Mary Valle ("Valle") and Susan Mendez ("Mendez") (collectively "Plaintiffs") bring this action against Janet Napolitano ("Defendant") as head of the Department of Homeland Security ("DHS") claiming they were terminated from their civilian positions with the United States Coast Guard ("Coast Guard") in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 623(a) *et seq*. Federal question jurisdiction is premised on Article III, Section 2 of the United States Constitution and 28 U.S.C. § 1331.

Presently before the court is Defendant's motion for summary judgment (Docket No. 19). The court has been briefed on this motion by both parties (Docket Nos. 21 & 27). After reviewing the parties' submissions and pertinent law, the court **GRANTS** Defendant's motion for summary judgment.

**I.**     **Legal Standard**

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "An issue is genuine if 'it may reasonably be resolved in favor of either party' at trial, and material if it 'possess[es] the capacity to sway the outcome of the litigation under the applicable law.'" Iverson v. City of Boston, 452 F.3d 94, 98 (1st Cir. 2006) (alteration in original) (citations omitted). The

**Civil No. 10-1824 (GAG)**                              2

moving party bears the initial burden of demonstrating the lack of evidence to support the non-moving party's case. Celotex, 477 U.S. at 325. "The movant must aver an absence of evidence to support the nonmoving party's case. The burden then shifts to the nonmovant to establish the existence of at least one fact issue which is both genuine and material." Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 581 (1st Cir. 1994). The nonmoving party must then "set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). If the court finds that some genuine factual issue remains, the resolution of which could affect the outcome of the case, then the court must deny summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

When considering a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party and give that party the benefit of any and all reasonable inferences. Id. at 255. Moreover, at the summary judgment stage, the court does not make credibility determinations or weigh the evidence. Id. Summary judgment may be appropriate, however, if the non-moving party's case rests merely upon "conclusory allegations, improbable inferences, and unsupported speculation." Forestier Fradera v. Municipality of Mayaguez, 440 F.3d 17, 21 (1st Cir. 2006) (quoting Benoit v. Technical Mfg. Corp., 331 F.3d 166, 173 (1st Cir. 2003)). A plaintiff cannot rely on bald assertions or unsupported conclusions in order to survive a motion for summary judgment. See Bennett v. Saint-Gobain Corp., 507 F.3d 23, 29 (1st Cir. 2007).

**II.     Factual and Procedural Background**

Plaintiffs worked at the AIRSTA Borinquen Community Center ("Community Center") until their positions were terminated in November 2009. Plaintiffs were the only two employees above the age of 40. (See Docket No. 20-1 at 5, L. 5-8.) Around August 2009, Lieutenant Lewis Motion ("Motion") was put in charge of the Community Center as comptroller in order to raise revenue (see Docket No. 20-3 at 4, L. 5-6), because the Community Center was spending more money than it was making. (See Docket No. 20-1 at 7-8, L. 19-4). On November 13, 2009, Plaintiffs were notified their positions were terminated, effective December 13, 2009, due to a reduction in force ("RIF"). They were notified by separate letters ("RIF Letters") and offered different positions within the Coast Guard. These positions offered less hours and fewer benefits. Plaintiffs individually filed an

Equal Employment Opportunity ("EEO") complaint with DHS against Defendant on January 19, 2010 and filed a complaint with the Equal Employment Opportunity Commission ("EEOC") on February 9, 2010. Plaintiffs claimed violations of their rights under the ADEA. (See Docket No. 24.)

### A.   Mary Valle

Plaintiff Valle, 44 years old, was hired on March 24, 2011 as a waitress at the Community Center in Aguadilla, Puerto Rico. (See Docket No. 20.) On November 10, 2002, Valle became an operation assistant, a full-time position which she maintained until she was notified the position was being terminated due to the RIF. (See Docket No. 20-3 at 3, L. 11-14.) As an operation assistant, Valle was in charge of twelve employees and ran the Pelican Pub, a restaurant and bar at the Community Center. (See id. at 3, L. 19-23.) At some point prior to termination, Motion remarked to Valle, "Oh, you are not going to be like Mary, been there all those years and don't go some place else. You need to move to get better things in life." (See Docket No. 20-3 at 6, L. 11-21.) On November 13, 2009, Motion handed Valle the RIF Letter notifying her that her job was being terminated and she was offered a part-time job as an operations assistant scheduled for 0-19 hours per week. (See id. at 4, L. 2-3; RIF Letters.)

### B.   Susan Mendez

Plaintiff Mendez, 52 years old, worked at the Coast Guard for nearly eight years. She was first hired as a waitress, then as head cashier, and eventually as an operation assistant, a part-time, 30-34 hours per week position she held for four years. (See Docket No. 20-1 at 4, L. 1-19.) On November 13, 2009, Mendez was called into Motion's office and was given the RIF Letter informing her of her termination. (See id. at 4, L. 22-23.) Mendez was offered the same title, operation assistant, but with a reduction of hours to 0-19 hours per week. (See Docket No. 20-2.)

## III.   Discussion

### A.   Administrative Proceedings

As a preliminary matter, Defendant claims the court does not have jurisdiction because Plaintiffs have not exhausted their administrative remedies. However, 29 U.S.C. § 633(b)-(d) gives a federal employees the option to file with the Equal Employment Opportunity Commission

**Civil No. 10-1824 (GAG)** 4

("EEOC") and follow the administrative proceedings with an eventual appeal to the federal district court, or to bypass the administrative proceedings and file suit directly in federal court. See 29 U.S.C. § 633a(b)-(d); Rossiter v. Potter, 357 F.3d 26, 29 (1st Cir. 2004). If a plaintiff, as in this case, decides to forego the administrative proceedings, he/she must give the EEOC at least 30 days notice of their intention to file suit in federal court before filing the complaint. See 29 U.S.C. § 633a(d). Additionally, the plaintiff must file the notice with the EEOC within 180 days of the alleged discriminatory act. See Rossiter, 357 F.3d at 34-35. The complaint must be filed in court within two years. Id. at 34-35 (adopting the two year statute of limitations from the Federal Labor Standards Act). Non-compliance with these statutory provisions will strip the court of jurisdiction. See Velazquez-Ortiz v. Vilsack, No. 10-1787, 2011 WL 4390045, at *6 (1st Cir. Oct. 22, 2011).

On November 13, 2009, Defendant notified Plaintiffs of the adverse employment action through the RIF Letters. Plaintiffs first notified the EEO office at the DHS on January 19, 2010 asking for a right to sue letter, eschewing any administrative remedies available. (See Docket Nos. 24-1; 24-2). Similarly, Plaintiffs notified the EEOC in a complaint dated February 9, 2010 requesting a right to sue letter, also stating their intention to file directly in federal court. (See Docket Nos. 24-3; 24-4.) The current suit was filed on August 26, 2010, roughly six months after notifying the EEOC of their intention to file suit directly in federal court. (See Docket No. 1.)

The foregoing facts demonstrate that Plaintiffs' filings with the various administrative bodies comply with the statutory provisions of 29 U.S.C. § 633a(c)-(d). Plaintiffs notified the EEOC of their intention to sue directly in federal court within 180 days of their termination and filed the present complaint more than 30 days after notifying the EEOC pursuant to 29 U.S.C. § 633a(d).[1] Defendant's assertion that Plaintiffs must avail themselves of all administrative is not supported by

---

[1] The court notes Plaintiffs must also comply with the administrative proceedings of the EEO of the DHS. The EEO of the DHS specifically requires initial contact with a counselor of the EEO within 45 days of the alleged discriminatory act. Neither party has produced evidence to show whether an initial contact was made within 45 days. Defendant mentions this requirement in one sentence without articulating the exact violation and Plaintiffs do not mention it at all. The court notes this issue, but refrains from ruling on it because it is not crucial to the result of this summary judgment motion.

statute or pursuant to case law. See 29 U.S.C. § 633a(b)-(d); Rossiter, 357 F.3d at 29. Pursuant to 29 U.S.C. § 633a, Plaintiffs timely notified the administrative bodies of their intention to forgo the administrative proceedings and directly file suit in federal court. Therefore, the court **DENIES** Defendant's motion for summary judgment based on Plaintiffs failure to exhaust the available administrative remedies.

### B. ADEA Claims

The ADEA makes it unlawful for an employer to "fail or refuse to hire or discharge any individual or otherwise discriminate against any individual . . . because of such individual's age." 29 U.S.C. § 623(a)(1). The plaintiff, "shoulders the ultimate burden of proving that his years were the determinative factor in his discharge, that is, that he would not have been fired but for his age." Melendez v. Autogermana, Inc., 622 F.3d 46, 50 (1st Cir. 2010) (citations omitted). To survive summary judgment in an employment discrimination case, the plaintiff must, "muster facts sufficient to support an inference of discrimination." Bennett v. Saint-Goban Corp., 507 F.3d 23, 30 (1st Cir. 2007).

When there is no direct evidence of discrimination, Plaintiffs may avail themselves of the familiar burden-shifting framework articulated in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 801-03 (1973). See Melendez, 622 F.3d at 50. To establish the *prima facie* case, Plaintiffs must show: (1) they were at least 40 years of age when they were fired; (2) their job performance met the employer's legitimate expectations; (3) they suffered an adverse employment action; and (4) age was not treated neutrally when implementing the RIF or younger workers were retained for the same position. See id.; Pages-Cahue v. Iberia Lineas Aereas de Espana, 82 F.3d 533, 536 (1st Cir. 1996) (holding fourth prong of *prima facie* case different in RIF cases). Proving these elements is not particularly burdensome, and once shown, creates a rebuttable presumption the employer intentionally discriminated against the Plaintiffs because of their age. Melendez, 622 F.3d at 50.

If a plaintiff successfully establishes a *prima facie* case of discrimination, a burden of production is placed on the defendant to, "produce sufficient competent evidence to allow a rational fact-finder to conclude that a legitimate non-discriminatory reason existed for the termination." See id. at 50 (citing Woodman v. Haemonetics Corp., 51 F.3d 1087, 1091 (1st Cir. 1995)). If the

defendant is able to articulate a non-discriminatory reason for terminating the plaintiff, the presumption of discrimination against the defendant falls away. See St. Mary's Honor Ctr. v. Hicks, 507 U.S. 502, 511 (1993) (holding presumption of discrimination against defendant no longer relevant once defendant meets burden of production). The burden then shifts back to the plaintiff to prove, by a preponderance of the evidence, the defendant's reason for terminating the plaintiff is merely a pretext for the underlying age discrimination. See Goncalves v. Plymouth Cnty. Sheriff's Dep't, No. 10-2063, 2011 WL 4715199, at *3 (1st Cir. Oct. 7, 2011) (holding plaintiff must show pretext by preponderance of the evidence).

### 1.     **Plaintiffs'** *Prima Facie* **Case**

The court finds Plaintiffs have presented sufficient evidence to demonstrate the first three elements of their *prima facie* case. Plaintiffs were older than 40 at the time their positions were terminated, their job performance met the legitimate expectations of the defendant,[2] and Plaintiffs suffered an adverse employment action.[3] However, the fourth element requires more analysis.

Plaintiffs provide no evidence to demonstrate Defendant retained or hired younger workers to fill the vacated positions. While Plaintiffs' burden at this stage is not particularly onerous, they must offer some evidence to show their positions were filled with younger workers or that Defendant implemented a policy that was not neutral towards age. See Pages-Cahue, 82 F.3d at 536. The statements in the complaint claiming the positions were filled with younger workers, without corroboration, amount to conclusory allegations and unsupported speculation that cannot be used to support a *prima facie* case. See Forestier Fradera, 440 F.3d at 21. Therefore, Plaintiffs bear the burden to produce some evidence, beyond their mere allegations, that Defendant did not treat age neutrally when deciding which positions to terminate. See Vega v. Kodak Caribbean, LTD., 3 F.3d 476, 479 (1st Cir. 1993).

---

[2] Demonstrated by Defendant offering Plaintiffs continued employment and no documented negative employment history.

[3] Plaintiffs were terminated from their positions and offered positions with substantially less hours and fewer benefits.

Lack of neutrality may be demonstrated by a facially discriminatory policy or by a facially neutral policy that essentially retains younger workers while terminating older workers. See id. Neither party articulates the policy used by Defendant to decide which positions to terminate. However, there is sufficient evidence for the court to find that Plaintiffs were the only two employees over the age of 40 and that both Plaintiffs suffered decreased hours and benefits. (See Docket No. 20-1 at 5, L. 5-8.) There is also evidence that Motion made comments to Valle regarding the length of her employment at the Community Center. (See Docket No. 20-3 at 6, L. 14-18.) While not particularly strong, these facts are sufficient to support an inference that the RIF was not implemented in an age neutral manner.

### 2.     **Defendant's Burden of Production**

Once Plaintiffs demonstrate their *prima facie* case, creating the inference of discrimination, Defendant has the burden to produce, "a legitimate and non-discriminatory reason for dismissing" Plaintiffs. Melendez, 622 F.3d at 51-52. Defendant claims the positions held by Plaintiffs were terminated due to the RIF and that the RIF was necessary in order to reduce the annual loss of the Community Center. (See Docket No. 20-5.) Through the affidavit of Richard Hahn ("Hahn"), Defendant claims the Community Center posted annual losses in the amount of $71,040 in 2006, $64,611 in 2007, and $69,800 in 2008. (See Docket No. 20-5.) Defendant further states the decision to terminate Plaintiffs' positions was made pursuant to the decision to stop serving lunch at the Community Center. By eliminating lunch service, Defendant no longer had the need for Plaintiffs' positions. (See Docket No. 20-5.) Through the foregoing evidence, Defendant has met its burden to produce a non-discriminatory reason for terminating Plaintiffs.

### 3.     **Pretext and Discriminatory Animus**

Because Defendant articulated a non-discriminatory reason for the termination, the burden shifts back to Plaintiffs to show the articulated reason is a pretext for actual age discrimination. See Bennett, 507 F.3d at 31. It is not simply enough for Plaintiffs to attack the non-discriminatory reason offered by Defendant. Plaintiffs must present sufficient facts to show the non-discriminatory reason was merely a pretext and the true motive behind their terminations was age discrimination. See Melendez, 622 F.3d at 52.

**Civil No. 10-1824 (GAG)**                              8

Plaintiffs fail to muster sufficient facts demonstrating Defendant's articulated reason is merely a pretext for age discrimination. To demonstrate pretext, Plaintiffs point to the evidence relied upon in showing their *prima facie* case, mainly the fact that they were the only two employees over 40 and the statement made by Motion to support their claim of pretext. However, this evidence, without more, is not sufficient to demonstrate a non-neutral policy towards age. Plaintiffs fail to show how the RIF discriminated against them due to their age. Plaintiffs are unable to show that only older employees were negatively impacted by the RIF. Therefore, Plaintiffs have failed to demonstrate that the RIF was implemented solely to retain younger workers while terminating older workers. See Vega, 3 F.3d at 479. Similarly, Motion's comment to Valle does not demonstrate age based animus in the implementation of the RIF. Given that the comment is tied to longevity of employment and not towards age, it has little probative value and does not demonstrate discriminatory animus. See Lehman v. Prudential Employment Co. of Am., 74 F.3d 323, 329 (1st Cir. 1996) ("Isolated, ambiguous remarks are insufficient, by themselves, to prove discriminatory intent."). At this stage, Plaintiffs must demonstrate sufficient facts that would allow a reasonable factfinder to find Defendant terminated Plaintiffs because of their age, and not because of budgetary constraints. Plaintiffs have not carried their burden.

As no direct evidence of discrimination exists, Plaintiffs must rely on the McDonnell-Douglas burden-shifting framework to satisfy their burden. By not articulating sufficient facts to demonstrate Plaintiffs were terminated due to their age, Plaintiffs' claims cannot survive the Defendant's summary judgment motion. Accordingly, the court **GRANTS** Defendant's motion for summary judgment.

**IV.    Conclusion**

For the reasons set forth above, the court **GRANTS** Defendant's motion for summary judgment (Docket No. 19).

**Civil No. 10-1824 (GAG)** 9

**SO ORDERED**.

In San Juan, Puerto Rico this 25th day of October, 2011.

*S/Gustavo A. Gelpí*

GUSTAVO A. GELPÍ

United States District Judge